UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:22 CR 173 AGF (JMB) |
| | ) | |
| MAURICE HOBSON, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE[1]**

Currently before the Court is a pro se pleading filed by Defendant Maurice Hobson which is styled as a "Writ of Habeas Corpus Ad Subjiciendum, Consular Jurisdiction and Venue." [ECF No. 29; hereinafter sometimes referred to as "Hobson's Writ"]  The pleading is accompanied by an "Affidavit of Evidence" and annotated court documents.  The government filed a response asking the Court to strike the pleading.  [ECF No. 30]

**Introduction and Procedural Background**

A Grand Jury in this District charged Hobson with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922.  Hobson had his initial appearance on April 28, 2022, at which time our Court appointed the Federal Public Defender to represent him.  Thereafter, Hobson submitted documents pro se, purporting to be from the Moorish National Republic Government Northwest Africa, The Moorish Divine and National Movement of the World.  [ECF

---

[1] Pretrial matters have been referred to the undersigned United States Magistrate Judge, under 28 U.S.C. § 636(b).

No. 16]  On July 1, 2022, Hobson's attorney requested a counsel status hearing, indicating that Hobson wanted to proceed pro se in this matter.

On July 11, 2022, the undersigned held a status hearing, confirmed that Hobson did not want to be represented by the Federal Public Defender, and attempted to determine if Hobson wished to represent himself.  The undersigned began an inquiry pursuant to Faretta v. California, 422 U.S. 806, 835-36 (1975), to determine whether Hobson would be permitted to waive his right to counsel and represent himself.  Hobson, however, refused to answer basic questions necessary to complete the inquiry.  He insisted that our Court lacked jurisdiction, that he was entitled to a determination of the Court's jurisdiction, and he made statements suggesting that the Court was trying to trick him into confessing or acquiescing to jurisdiction.  The undersigned discerned that Hobson's Writ was the vehicle by which Hobson was attempting to challenge the Court's jurisdiction.  The undersigned, therefore, suspended the Faretta inquiry and advised Hobson and the lawyers present that the Court would rule on Hobson's Writ[2] and then set another hearing to resume the Faretta inquiry and determine whether Hobson may proceed pro se in this matter.

## Discussion, Conclusions of Law, and Recommendation

I.  ### Summary of Issues for Decision

Hobson's Writ is handwritten and purports to be from the Morocco Consular Court at the

---

[2] "There is no constitutional or statutory right to simultaneously proceed pro se and with benefit of counsel."  United States v. Agofsky, 20 F.3d 866, 872 (8th Cir. 1994) (citations omitted); United States v. Maxwell et al., 778 F.3d 719, 738 (8th Cir. 2015) (quoting same).  See also United States v. Pate, 754 F.3d 550, 553 (8th Cir. 2014) (explaining that "'[a] district court has no obligation to entertain pro se motions filed by a represented party'") (quoting Abdullah v. United States, 240 F.3d 683, 686 (8th Cir. 2001)).  Although a represented defendant should normally communicate with the Court through counsel, and Hobson's Writ could be denied or rejected on this basis, in an effort to move the case forward, the undersigned has elected to address the Writ to remove this issue with the hope that Hobson might be willing to participate in the necessary inquiry to determine if he may represent himself in this case.

Missouri republic, from Maurice Hanafi Bey, Consul Minister/Judicial Officer. The Writ is dated June 8, 2022, and, among other things, orders that "Maurice Hanafi Bey (ex rel. MAURICE HOBSON …) be forthwith RELEASED without condition or delay." [ECF No. 29 at 2] Accompanying the Writ is an "Affidavit of Evidence and Information" by Maurice Hanafi Bey (Hobson). The Affidavit includes a variety of allegations and assertions regarding Hobson's purported Moorish nationality. The Affidavit challenges the government's jurisdiction over Hobson, and alleges that he is "being presently kidnapped, denationalized and deprived of … liberty involuntary servitude while being held hostage for profit as surety for the fictitious corporate person/nom de guerr MAURICE HOBSON …." [ECF No. 29 at 7] The Affidavit alleges facts and circumstances concerning his arrest on April 25, 2022, and the legal process he received once in federal custody. He claims he is being held without a valid arrest warrant and in violation of due process of law. [See ECF 29 at 12] He alleges that our Court lacks jurisdiction or venue over him. He cites the Fifth Amendment of the U.S. Constitution, as well as Articles 37 and 4 of the United Nations Declaration of the Rights of Indigenous Peoples.

As for the lawful authority underlying his Writ, Hobson alleges that the

Morocco Consular Court at the Missouri republic has competent jurisdiction under Article III, section 2 of the Constitution for the United States of North America to issue a Writ of Habeas Corpus ad Subjiciandum [sic] for the release of the Moorish American national Maurice Hanafi Bey from the unlawful custody of the Defendants pursuant to [provisions of] the Treaty of Peace and Friendship of 1836 between the United States of North America and the Moroccan Empire.

[ECF No. 29 at 15]

The Writ is also accompanied by hand-annotated copies of the Indictment, criminal cover sheet, and arrest warrant. Also submitted with the Writ is a copy of an identification card for "Maurice Hanafi Bey" with a purported National Domicile of North Africa but a mailing address on Kossuth Avenue in the City of St. Louis, MO.

The government's response asks the Court to strike Hobson's Writ for several reasons. First, the government contends that, even if one assumes that the Moorish Nation exists as a separate sovereign nation, our Court is not bound to honor the pronouncements of the Moorish Nation's judiciary. The government argues, for example, that the full faith and credit provisions of 28 U.S.C. § 1738 do not extend to courts of other nations, and that the Treaty of Peace and Friendship of 1836 between the United States and the Moroccan Empire did not create a Morocco Consular Court for Missouri republic or even request that the courts of the United States extend full faith and credit to Moroccan court orders. The government also notes that the purported Morocco Consular Court lacks necessary due process protections because, at least in this instance, it allows Hobson to act as his own judge and order his own release. Finally, the government argues that Hobson's Writ is invalid and rests on frivolous legal theories.

## II.  <u>Analysis</u>

To the extent Hobson's Writ challenges the Court's subject matter or personal jurisdiction, that challenge should be denied. Despite what Hobson's arguments may suggest, "a federal court always has jurisdiction to determine its own jurisdiction." <u>United States v. Harcevic</u>, 999 F.3d 1172, 1178 (8th Cir. 2021) (quoting <u>United States v. Ruiz</u>, 536 U.S. 622, 628 (2002)).

"Subject matter jurisdiction is the authority or power invested in the District Court by Congress to adjudicate a defined dispute, whether civil or criminal." <u>United States v. Hightower</u>, 2020 WL 1958455 *2, 4:19 CR 851 SRC (DDN) (E.D. Mo. Mar. 25, 2020) (citing, <u>inter</u> <u>alia</u>, <u>United States v. Cotton</u>, 535 U.S. 625, 630 (2002)). The present case charges Defendant Hobson with being a felon in possession of a firearm. [<u>See</u> ECF No. 1]  That is a violation of 18 U.S.C. § 922(g), which is a statute enacted by Congress. Congress has conferred subject matter jurisdiction

4

over that offense to our Court via 18 U.S.C. § 3231.[3]  See Flanagan v. United States, 2014 WL 1315230 *5, 4:13 CV 2090 RWS (E.D. Mo. Mar. 28, 2014) (citing § 3231; United States v. Hayes, 574 F.3d 460, 471 (8th Cir. 2009)); Hightower, 2020 WL 1958455 *2 (citing § 3231).  "Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231…. That's the beginning and the end of the 'jurisdictional inquiry.'"  United States v. Pemberton, 405 F.3d 656, 659 (8th Cir. 2005) (citation and internal quotations omitted).  Accordingly, any dispute about Hobson's Moorish American National status "d[oes] not deprive the district court of jurisdiction." Id.

Based on the foregoing, I find that subject matter jurisdiction over the offense charged in this case properly rests in the United States District Court for the Eastern District of Missouri.

"In a criminal case, personal jurisdiction over a defendant depends on whether the defendant has been brought physically before the Court for the litigation of the charge alleged in the indictment."  Hightower, 2020 WL 1958455 *3 (citation omitted).  Hobson has been brought physically before our Court.  In his Affidavit [see ECF No. 29 at 8-11], Hobson alleges in detail the very circumstances by which he was reportedly brought into federal custody and appeared in our Court in this matter.

I find, therefore, that the United States District Court for the Eastern District of Missouri has personal jurisdiction over Defendant Hobson.

The bulk of Hobson's challenges to this prosecution, as raised in his Writ, rest on his claim to be a Moorish American National, the purported authority of the Morocco Consular Court at the Missouri republic, and the Treaty of Peace and Friendship.  As our Court has reiterated many

---

[3] "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."  18 U.S.C. § 3231.

times, this legal theory is meritless because "[t]he United States does not recognize the Moorish Nation as a sovereign state." Missouri v. Bey, 2020 WL 1032137 *3, 4:20 CV 197 JAR (E.D. Mo. Mar. 2, 2020) (citing Benton-El v. Odom, 2007 WL 1812615 *6 (M.D. Ga. June 19, 2007); Khattab El v. United States Justice Dept., 1988 WL 5117 *2 (E.D. Pa. Jan. 22, 1988)). See also El v. Pillow, 2022 WL 19207 *2, 4:21 CV 1335 DDN (E.D. Mo. Jan. 3, 2022) (describing Moor sovereign status as "an indisputably meritless legal theory," and noting that "the United States has not recognized the Moorish Nation as a sovereign state") (citing numerous cases); State v. Bey, 2021 WL 493463 *1, 4:21 CV 166 NAB (Feb. 9, 2021) (rejecting arguments based on Moorish American status and the Treaty of Peace and Friendship); Bolden v. Glass, 2020 WL 6822559 *4, 4:20 CV 1445 SRC (E.D. Mo. Nov. 20, 2020) (noting that "[t]he United States does not recognize the Moorish Nation") (citations omitted); Flanagan, 2014 WL 1315230 *6 (rejecting jurisdictional challenge based on Moorish National claims and finding that a purportedly Moorish National, "like any other individual found within the United States, is subject to federal laws").

"Simply stated, [a defendant] cannot unilaterally bestow sovereign immunity upon himself." Freeman v. Bernsen, 2014 WL 1316249 *1, 4:14 CV 336 AGF (E.D. Mo. Apr. 2, 2014) (citing United States v. Lumumba, 741 F.2d 12, 15 (2d Cir. 1984)). "Furthermore, [a defendant's] purported status as a Moorish-American citizen does not enable him to violate state and federal laws without consequence." Id.

Finally, liberally construing Hobson's Writ to advance more general sovereign citizen arguments, such arguments have long been classified as frivolous and, therefore, may be summarily rejected. See United States v. Hart, 701 F.2d 749, 750 (8th Cir. 1983); United states v. Simonson, 563 F.App'x 514 (8th Cir. 2014); United States v. Graham, 2020 WL 614808 *3 (D. Minn. Feb. 10, 2020) ("Sovereign Citizen arguments have been repeatedly and soundly rejected

by all courts that consider them, and therefore, require no analysis.") (citing cases).[4]

The undersigned finds, therefore, that Hobson's challenge to the Court's jurisdiction should be denied.  Furthermore, the Court should not honor the Writ, nor should Hobson be released.  The Writ purports to derive its authority from a sovereign that has never been recognized the United States and rests on arguments that have previously been deemed frivolous and without merit.

### Recommendations

Accordingly,

**IT IS HEREBY RECOMMENDED** that Hobson's pro se Writ of Habeas Corpus Ad Subjiciendum, Consular Jurisdiction and Venue [ECF No. 29] be DENIED to the extent it purports to challenge the jurisdiction of the United States or this Court.

**IT IS FURTHER RECOMMENDED** that Hobson's pro se Writ of Habeas Corpus Ad Subjiciendum, Consular Jurisdiction and Venue [ECF No. 29] be DENIED to the extent it requests the release of Hobson.

**IT IS FURTHER RECOMMENDED** that the Hobson's pro se Writ of Habeas Corpus Ad Subjiciendum, Consular Jurisdiction and Venue [ECF No. 29] be stricken to the extent it purports to order the release of Hobson and to convey any lawful authority over the parties addressed therein.

**IT IS FINALLY RECOMMENDED** that the government's Motion to Strike Hobson's Writ of Habeas Corpus Ad Subjiciendum [ECF No. 30] be DENIED as moot in view of the foregoing recommendations.

The parties are advised that they have fourteen (14) days in which to file written objections

---

[4] The other arguments advanced by the government in its response are well-taken but need not be specifically addressed herein to address Hobson's Writ and remove it from further consideration.

to the foregoing Order Report and Recommendation unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact.  See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).  See also 28 U.S.C. § 636(b)(1)(A), Fed. R. Crim. P. 59(a).

Pretrial matters remain referred to the undersigned United States Magistrate Judge.  A status hearing before the undersigned will be set by Further Order of the Court.  Defendant and counsel for both parties must be present.  At that status hearing, the Court will resume the inquiry pursuant to Faretta to determine whether Hobson may represent himself in this matter.  The Court will also set a schedule for filing and considering any other pretrial motions.

This matter will be set for trial following the completion of those pretrial matters, before the Honorable Audrey G. Fleissig, United States District Judge.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this  1st   day of  August , 2022.