UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:22CR173 AGF (JMB) |
| ) | |
| MAURICE HOBSON, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the Court on a document filed by Defendant Maurice Hobson, who refers to himself as Maurice Hanafi Bey, styled as a "Writ of Habeas Corpus Ad Subjiciendum, Consular Jurisdiction and Venue" (hereinafter "Defendant's Writ").  Doc. No. 29.  Defendant is charged in a federal indictment with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  All pretrial motions and proceedings were referred to United States Magistrate Judge John M. Bodenhausen under 28 U.S.C. § 636(b).

Counsel was appointed to represent Defendant, and Judge Bodenhausen set deadlines for the parties to request pretrial disclosure of evidence and for the filing of pretrial motions.  After obtaining extensions of time to file pretrial motions, Defendant indicated that he wished to proceed *pro se,* and also wished to challenge the jurisdiction of the court.  At a status hearing held on July 11, 2022, Judge Bodenhausen gave Defendant leave to challenge the jurisdiction of the court, and directed the court to file Defendant's Writ, which was filed *pro se.*  He also set a hearing on Defendant's request to proceed *pro se*.  The government filed a motion to strike Defendant's Writ.  Doc. No.

30.     Following a hearing, Judge Bodenhausen issued a Report and Recommendation ("R&R") on August 1, 2022, recommending that Defendant's Writ be denied to the extent it purported to challenge the jurisdiction of the United States or this Court and to the extent it requested a release of Defendant; recommending that Defendant's Writ be stricken to the extent it purports to order the release of Defendant and to convey any lawful authority over the parties addressed in the Writ; and otherwise recommending that the court deny the government's motion to strike as moot.   The parties were given fourteen days to file objections.   Doc. No. 31.

Defendant thereafter filed a lengthy *pro se* document, styled, in part "Writ of Error/ Opportunity to Cure Quo Warranto/ Counter Claim/ Default   International Document."   Defense counsel filed a pleading attaching Defendant's document, and requesting that it be treated as his objection and response to the R&R.   Doc. No. 34. The government responded to the objections and attached document on August 15, 2022.

Meanwhile, with respect to his request to proceed *pro se*, Defendant through counsel requested that the matter be heard by me, as District Judge.   Doc. No. 35.   I granted the request, and held a hearing on Defendant's motion for leave to proceed *pro se* on August 18, 2022.   After hearing from Defendant and defense counsel, Defendant determined to withdraw his motion, and to continue to be represented by defense counsel. Doc. No. 40.   At that same hearing, I granted the request of Defendant for additional time for defense counsel to file pretrial motions or a waiver of motions before the Magistrate Judge.   After many extensions of time, Defendant filed a waiver of pretrial motions on July 17, 2023.   Doc. No. 73.   The waiver stated, in part, that "Counsel has

personally discussed this matter with the Defendant and the Defendant agrees and concurs in the decision not to raise any issues by way of pre-trial motions." *Id.*

Thus, the only outstanding pretrial matters are those reflected in the R&R and the objections thereto. Although it is unclear whether Defendant, by his waiver, wished to withdraw the matters raised in Defendant's Writ, out of an abundance of caution, I will address those matters.

When a party objects to a Report and Recommendation in a criminal case, the court is required to make a de novo review determination of those portions of the record or specified proposed findings to which objection is made. *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)). The Court conducted a *de novo* review of the matters raised in Defendant's Writ. Based on that review, the Court concludes that the Magistrate Judge made proper findings and correctly analyzed the issues.

For the reasons set forth more fully in the R&R, the Court agrees that Defendant's challenge to this Court's subject matter jurisdiction has no basis. Defendant is charged with violation of a criminal statute passed by Congress, and this Court has jurisdiction over the criminal prosecution pursuant to 18 U.S.C. § 3231. *See, e.g., United States v Pemberton*, 405 F.3d 656, 659 (8th Cir. 2005); *Flanagan v. United States*, 2014 WL 1315230, at *5, 4:13CV2090 RWS (E.D. Mo. Mar. 28, 2014) (citing *United States v. Hayes*, 574 F.3d 460, 471 (8th Cir. 2009)). Defendant's asserted status as a Moorish American National does not divest this Court of jurisdiction. The Court further agrees, for the reasons stated in the R&R, that it has personal jurisdiction over Defendant.

3

Finally, the Court rejects Defendant's challenges to the prosecution based on his assertion that he is a Moorish American National, and the purported authority of the Morocco Consular Court at the Missouri republic, and the Treaty of Peace and Friendship.   The cases cited in the R&R recognize that there is no merit to such claims. The Court further agrees with the Magistrate Judge's conclusion that Defendant cannot bestow sovereign immunity upon himself and is, indeed, subject to the laws of the United States.   Defendant's remaining arguments related to his purported status as a sovereign citizen have repeatedly been rejected by the courts, and are also rejected for the reasons set forth in the R&R and the cases cited therein.

As requested by defense counsel, the Court will treat the document filed by Defendant as objections to the R&R, but finds those objections have no merit. Defendant filed a twenty-two-page hand-written document, with many arguments, demands and decrees.   The Court will not endeavor to address every matter asserted therein in this order, but after careful review of all arguments and assertions, finds the objections and arguments are not well-taken.

Addressing only the main arguments, Defendant's claim that he has been "denationalized" by using the name Maurice Hobson rather than Maurice Hanafi Bey do not affect this Court's jurisdiction over Defendant.   *See United States v. Hightower*, 2020 WL 1958455, at *3, 4:19 CR 851 SCR/DDN (E.D. Mo. Mar. 25, 2020).   In a section labelled "'Stare Decisis' Law establishing," Defendant further argues that the Court lacks standing, citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992), and other cases, and asserts that the case cannot proceed without an identified

4

"injured party."  But the cases and concepts cited by Defendant involve civil suits, and have no application in this criminal proceeding.  *See United States v. Yarbrough*, 452 Fed. App'x 186, 189 (3d Cir. 2011) (recognizing "the Government doubtlessly suffers an 'injury in fact' when a defendant violates its criminal laws").  Defendant also asserts that this Court is not a court of competent jurisdiction having actual judicial powers and authority under Article III, citing *Elliott v. Peirsol*, 26 U.S. 328, 340 (1828).  But this Court's powers derive from Article III, § 2 and §1of the Constitution, pursuant to which Congress created district courts with jurisdiction over criminal offenses, in 18 U.S.C. § 3231.  Defendant's further arguments based on his status as Moorish American National are rejected for the reasons stated in the R&R.

Because Defendant's arguments related to jurisdiction have no basis under the law, his further demands for various documents establishing authority or "commercial agreements" between natural persons and the Court, are also denied as meritless. Further, Defendant has not filed any proper pleading requiring an answer by any party, and thus his demands for an Answer and request for default and equitable compensation are denied.  Finally, his various arguments for dismissal are denied for the reasons stated herein, and in the R&R.

To the extent Defendant is attempting to assert a Writ of Habeas Corpus related to the instant charge, it has not been properly filed, but more importantly, is premature.  "It is well-established that a criminal defendant cannot file a petition for writ of habeas corpus to raise defenses to a pending federal criminal prosecution." *Nettles v. United States*, 2022 WL 4093941, at *3, 4:22-CV-818 SEP (E.D. Mo. Sept. 7, 2022) (citing

5

*Jones v. Perkins*, 245 U.S. 390, 391 (1918)). Rather, he must first exhaust his remedies in this Court, which can be done through pretrial proceedings, the trial, and any appeal.

The Court therefore adopts and incorporates the Report and Recommendation and overrules Defendant's objections thereto.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. No. 31] is **SUSTAINED, ADOPTED, AND INCORPORATED** herein, and Defendant's Objections thereto [Doc. No. 34] are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's pro se Writ of Habeas Corpus Ad Subjiciendum [Doc. No. 29] is **DENIED** to the extent it challenges the jurisdiction of the United States or this Court's jurisdiction, or requests Defendant's release.

**IT IS FURTHER ORDERED** that Defendant's pro se Writ of Habeas Corpus Ad Subjiciendum [Doc. No. 29] is **stricken** to the extent it purports to order Defendant's release, order any actions by the parties, or purports to convey any lawful authority over the parties address therein.

**IT IS FURTHER ORDERED** that the Motion of the United States to Strike Defendant's pro se Writ of Habeas Corpus Ad Subjiciendum [Doc. No. 29] is otherwise **DENIED as moot,** in light of this Court's rulings.

A final pretrial conference will be scheduled by separate Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 19th day of July, 2023.